Filed 12/2/25  A.R. v. G.G. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| A.R.,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>G.G.,<br><br>    Defendant and Appellant. | C101567<br><br>(Super. Ct. No. 24PA473343) |

G.G. (father) appeals, in propria persona and on the judgment roll, from an order granting respondent A.R. (mother) sole physical and legal custody of the parties' children. Finding no error on the face of the present record, we affirm.

BACKGROUND

At the end of April 2024, mother filed a petition to determine parental relationship, seeking sole legal and physical custody of the parties' two three-year-old children. The next day, she sought a temporary emergency order granting her full custody of the children on the ground that father had taken the children in the middle of the night and would not tell her where he took them. She also filed an application for an immediate court hearing and order. The trial court denied the request for immediate hearing and set the matter for a June 2024 hearing, ordering the parties to attend child custody mediation beforehand.

1

A few days later, mother filed another application for immediate hearing, requesting emergency custody of the children. Attached to the application was an unsigned statement apparently from mother, asserting that father had taken the children during the night without mother's knowledge, after she and father had agreed to separate. It further stated that father had severe mental health problems and that, despite multiple requests, father was refusing to let mother see the children or tell her where they were. The statement also expressed concern that the children were in immediate danger and that father might be taking the children to Utah.

The trial court granted the application, setting the matter for hearing the next day. Mother appeared at the ex parte hearing the next day, and the trial court issued a temporary emergency order granting her full custody of the children—with no visitation to father— pending further proceedings. The court also issued child abduction prevention orders, including that father was not to move the children outside the county without written permission from mother or a court order. The record contains no transcript of the ex parte hearing, but the minutes reflect that mother was informed that, if needed, she could contact the district attorney's office for assistance with child abduction prevention.

The following month, both mother and father appeared for the regularly noticed hearing on mother's petition, representing themselves. Again, the record contains no transcript of the hearing, but the minutes reflect that father had not filed a response to the petition and that mother had rejected an oral settlement proposal by father. The court granted permanent sole legal and physical custody of the children to mother, with no visitation for father.

Father filed a timely notice of appeal. He elected to proceed on appeal with an agreed statement instead of a reporter's transcript of the oral proceedings. Father submitted a document that the trial court treated as a proposed settled statement. The court ordered father to modify the proposed statement to make certain corrections by a specified deadline. After that deadline passed, the trial court notified father and this court that father was in

2

default for failing to file a corrected settled statement.  Thereafter, we issued an order stating that the appeal could proceed without the settled statement but cautioning father that proceeding without a record of the oral proceedings could impact our review of the issues raised on appeal.

In his opening brief, father requested that we accept extra-record material that he submitted with his brief.  We denied the request, stating that the material would be disregarded.  Mother did not file a responsive brief.

DISCUSSION

"The standard of appellate review of custody and visitation orders is the deferential abuse of discretion test."  (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32; accord, *Montenegro v. Diaz* (2001) 26 Cal.4th 249, 255.)  "The precise measure is whether the trial court could have reasonably concluded that the order in question advanced the 'best interest' of the child."  (*Burgess*, at p. 32; see Fam. Code, § 3011.)

"A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness."  (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; see also *Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)  As the appellant, it is father's "burden to affirmatively demonstrate error by citing applicable law and showing where in the record the error occurred."  (*Br. C. v. Be. C.* (2024) 101 Cal.App.5th 259, 264.)  Father's choice to proceed in this appeal with neither a reporter's transcript nor a settled or agreed statement—in what is known as an appeal "on the judgment roll" (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082)—limits his ability to carry this burden.  (See Cal. Rules of Court, rule 8.120(b) [to raise issue that requires consideration of oral proceedings in trial court, record on appeal must include reporter's transcript, agreed statement, or settled statement]; *Jameson*, at p. 608 ["the absence of a court reporter at trial court proceedings and the resulting lack of a verbatim record of such proceedings will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court"].)  "Because the case is presented in

3

this posture, we presume that the trial court's findings of fact are supported by substantial evidence, and its conclusions of law are binding upon us unless error appears on the face of the record." (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 321; *id.* at p. 324 ["we ' "must conclusively presume that the evidence is ample to sustain the [trial court's] findings" ' "]; see also *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574-575.)

Whether proceeding with or without a record of the oral proceedings, an appellant must provide cogent legal argument in support of all claims of error with citation to legal authority, as well as supporting references to the record, if possible. (Cal. Rules of Court, rule 8.204(a)(1)(B), (C); *County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861.) The same standards apply to self-represented litigants. (*Singh*, at p. 861 [in propria persona litigants "entitled to the same but no greater consideration than other litigants"].) " 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority,' " we treat the point as forfeited. (*Br. C. v. Be. C.*, *supra*, 101 Cal.App.5th at p. 264; *Singh*, at p. 861.) "It is not our place to construct theories or arguments to undermine the judgment [or order on appeal] and defeat the presumption of correctness." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

Father's brief discusses various legal doctrines but provides virtually no argument as to how those doctrines may apply to the custody proceeding at issue in the present case. The brief also attempts to incorporate by reference eight pages of argument appearing in father's motion to augment the record, which we previously denied. He offers no authority that permits such incorporation, and the California Supreme Court has barred "attempts to incorporate by reference arguments advanced in other appellate briefs." (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 294, fn. 20.) "We therefore disregard these purported incorporations by reference." (*Ibid.*) We further note that much of father's brief is directed to issues regarding cases other than the one before us on appeal. Our review is confined to the custody and visitation order entered on mother's petition.

4

As to that order, father appears to assert a general abuse of discretion by the trial court in awarding full custody of the children to mother and denying him visitation. But as noted above, in an appeal on the judgment roll, we " ' "conclusively presume" ' " that the evidence supports the trial court's implied findings that it was in the children's best interest to award full custody to mother with no visitation to father. (*Nielsen v. Gibson*, *supra*, 178 Cal.App.4th at pp. 324-325.)

Father also broadly asserts that the trial court erred by failing to ensure proper notice of hearings and service of the summons, by not allowing father an opportunity to respond or be heard, and by ruling on the petition without the presentation of evidence. None of these assertions is accompanied by legal argument, citation to relevant legal authority, or references to the record. They are therefore forfeited. (*Br. C. v. Be. C.*, *supra*, 101 Cal.App.5th at p. 264; *County of Sacramento v. Singh*, *supra*, 65 Cal.App.5th at pp. 861, 870; *Benach v. County of Los Angeles*, *supra*, 149 Cal.App.4th at p. 852.)

Finally, father contends at various points in his brief that the trial court lacked jurisdiction over the matter based on the Indian Child Welfare Act (ICWA) and principles of Native American tribal sovereignty. He asserts that, before the state court custody proceeding, he and mother initiated a Native American tribal proceeding that resulted in a final determination granting sole physical and legal custody of the children to father. The record, however, contains no evidence of a tribal court determination to that effect.[1]

To the extent father argues that the trial court violated the inquiry and notice requirements of ICWA, that claim fails, regardless of the children's alleged Indian status,

---

[1] Father requests that we take judicial notice of certain documents attached to his notice of appeal, some of which relate to his claims of the children's tribal membership. These documents say nothing of a pre-existing custody determination by a federally recognized Native American tribe, and we decline father's request for judicial notice as to all of the documents attached to his notice of appeal. (*Gananian v. Wagstaffe* (2011) 199 Cal.App.4th 1532, 1539, fn. 8 [denying judicial notice of items that were not judicially noticed in the trial court, were not matters for which judicial notice was required (Evid. Code, § 459), and were not relevant to the legal issue].)

because neither ICWA nor its California analogue applied to the custody proceeding at issue. ICWA "applies to any ' "child custody proceeding" ' involving an ' "Indian child." ' " (*In re W.B.* (2012) 55 Cal.4th 30, 49, quoting 25 U.S.C. § 1903.) "A ' "child custody proceeding" ' is any action resulting in a foster care placement, termination of parental rights, preadoptive placement, or adoptive placement." (*Ibid.*, quoting 25 U.S.C. § 1903(1).) "California's definition of the child custody proceedings to which ICWA applies . . . incorporates, and is coextensive with, the definition in the federal [ICWA]." (*In re W.B.*, at p. 54; see Welf. & Inst. Code, § 224.1, subd. (d).) The custody proceeding at issue here was not one that could have culminated in any of the enumerated outcomes. No party was seeking any form of foster care or adoption, and although mother was seeking full custody of the children with no visitation by father, termination of father's parental rights was not at issue. Thus, neither ICWA nor Cal-ICWA applied. (*In re A.T.* (2021) 63 Cal.App.5th 267, 274 ["ICWA does not apply when an Indian child is removed from one parent and placed with another"]; *In re W.B.*, at p. 53 ["Obviously, ICWA requirements apply only in those cases that fall under the statutory scheme"].)

## DISPOSITION

The judgment is affirmed. No costs are awarded to respondent as she has not filed a brief in this appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

/s/
                             
FEINBERG, J.

We concur:

/s/
RENNER, Acting P. J.

/s/
KRAUSE, J.

6